**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL PATTON,** ) | **CASE NO. 1:06 CV 111** |
| ) | **1:00 CR 389** |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **Respondent.** ) | **AND ORDER** |

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by *Pro Se* Petitioner Michael Patton ("§ 2255 Motion") **(ECF No. 1)**. Patton asks the Court to appoint counsel to represent him in this civil matter. *ECF No. 1* at 16, *Memorandum of Law* at 2. The district court may appoint counsel if it determines that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). After reviewing the record, the Court concludes that appointment of counsel would not benefit Patton or this Court because the record plainly shows that the § 2255 Motion is time-barred.

**I.**

On September 19, 2000, Patton was charged in a four-count indictment with two counts of transporting a minor across state lines with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Counts 1 and 3); and two counts of traveling in

interstate commerce with the intent to engage in sexual acts with a juvenile, in violation of 18 U.S.C. § 2423(b) (Counts 2 and 4). *Case 1:00 CR 389; ECF No. 1*.

On January 8, 2001, pursuant to a written plea agreement with the Government, Patton pled guilty to Counts 1 and 3. *ECF No. 21* ("Plea Agreement") ¶ 1. Specifically, Patton admitted having traveled from Ohio to Kentucky with a 13-year old boy and engaging him in sexual activity in violation of Ohio and Kentucky sex abuse statutes (Count 1). *Id.* ¶ 13. Patton also admitted having traveled from Ohio to Michigan with the same boy, now 14 years old, and engaging him in criminal sexual activity in violation of Ohio and Michigan statutes (Count 3). *Id.* Patton waived his appeal and postconviction rights except for the right to appeal the application of the federal sentencing guidelines to his admitted crimes. *Id.* ¶ 14.

Prior to the sentencing hearing, the Probation Department issued a presentence investigation report advising that the applicable United States Sentencing Guideline ("U.S.S.G.") for convictions under 18 U.S.C. § 2423(a), such as Patton's, was § 2G1.1. *See* U.S.S.G., Appendix A (2000). The report recommended, however, that the Court apply the cross reference to § 2A3.1, set forth in § 2G1.1(c)(2), for offenses involving criminal sexual abuse. The base offense level under § 2A3.1 was 27.[1] The report recommended that the base offense level be increased by four levels for committing the crimes by means set forth in 18 U.S.C. § 2241(a) or (b),[2] § 2A3.1(b)(1); by two levels since the victim was between 12 and 16 years of age, § 2A3.1(b)(2); by two levels as the victim was in the custody, care or supervisory control of

---

[1] The base offense level was later increased to 30.

[2] Section 2241(a) criminalizes knowingly causing another person to engage in a sexual act by using force against that person or by threatening or placing that person in fear that any person will be subjected to death, serious bodily injury, or kidnaping. 18 U.S.C. § 2241(a).

Patton at the time the crimes were committed, § 2A3.1(b)(3); and by two more levels for multiple counts, § 3D1.4. The report also recommended that the adjusted offense level of 37 be decreased by three levels for acceptance of responsibility and a timely guilty plea – bringing Patton's total offense level to 34. With a criminal history category of I, the applicable guideline sentencing range would be 151 to 188 months.

After reviewing the report, Patton filed a sentencing memorandum arguing that U.S.S.G. § 2A3.2, with a base offense level of 18, should be applied to his crimes for offenses involving statutory rape because he never used force when committing his crimes. *ECF No. 24*. Patton argued,

> It is the position of the Defendant that at no time did the Defendant ever threaten the victim with violence or threaten his mother with violence or threaten to harm himself if the victim did not have sex with the Defendant. Sex between the Defendant and the victim in this case was at all times voluntary.

*Id*. at 1. Thus, Patton argued, his base offense level should be "at a Level 18 under 2A3.2 with the absence of violence, rather than at a Level 27 [under 2A3.1] which would include the issue of violence." *Id*. at 2. In response, the Government filed a motion to continue the sentencing hearing to allow the Government time to secure the attendance of certain witnesses who would "testify about their encounters with the Defendant and how the Defendant used threats of force and other psychological means to coerce them into sexual relations with him." *ECF No. 25* at 2. The Government subsequently filed a sentencing memorandum explaining in detail how Patton used threats of force to commit his sex crimes with the young victim, arguing that § 2A3.1 was the proper guideline to apply to Patton's sentence. *See ECF No. 26*.

At the sentencing hearing held on March 20, 2001, the parties agreed that the issue for the Court's determination was whether to apply § 2A3.1 or § 2A3.2 to Patton's sentence – which necessarily depended on a determination of whether Patton threatened his victim or placed him in fear that anyone would be subjected to death, serious bodily injury or kidnapping if his victim did not comply with Patton's demands for sex. *See ECF No. 36* at 24-25. After the victim and his mother testified, the Court held a short recess.[3] *Id*. at 27-86; *ECF No. 37* at 90-124. When the hearing reconvened, counsel informed the Court that they had reached an agreement regarding Patton's sentence. *See generally ECF No. 37* at 124-128.

Specifically, Patton agreed to concede that he used force against his victim and to immediately surrender into custody if the Government would agree not to oppose his request for a two-level downward departure for conduct "outside the heartland" under U.S.S.G. § 5K2.0 and not to appeal that departure. *Id*. at 125-26. The parties agreed that the calculations in the presentence investigation report were the proper starting point and, with a two-level § 5K2.0 decrease, Patton's total offense level would be 32 with a guideline range of 121 to 151 months. *Id*. at 126-27. Patton waived his right to contest this agreed-upon sentence.

> THE COURT: And just so it's clear, this would say, the one issue that's in the plea agreement, that the defendant reserved his, I think his, appellate and possibly post conviction rights, and he would be giving that up, and he's agreeing to this?
>
> MR. FRIEDMAN: It's our recognition, Your Honor, by moving for this downward departure, if it would be accepted, counsel on behalf of defendant would waive or revoke that one

---

[3] The victim testified that Patton threatened to kill himself right in front of the victim if he did not engage in sex with Patton. *See, e.g., ECF No. 37* at 99, 116, 117, 119. The victim also testified that Patton had a loaded gun in his house and that he took him to target practice. *See, e.g., id*. at 102, 115-116.

>   issue for purposes of appeal dealing with the issue of force of violence.
>
>   MR. ARBEZNIK: My understanding is that was the only issue which we had.
>
>   MR. FRIEDMAN: That's correct.
>
>   THE COURT: That was the only issue. Alright.
>
>   Well, it has been a very difficult afternoon for all concerned. And my policy, having been a prosecutor for many years, and understanding the dynamics of the criminal justice system, and when you have effective counsel on both sides that reach an agreement, I think if it is within the range of acceptable outcome it makes sense for the Court to accept it. So I will accept that proposal. And I will sentence Mr. Patton accordingly.

*ECF No. 37* at 127 (emphasis added). The Court then imposed concurrent sentences of 121 months for Counts 1 and 3 (the low end of the stipulated guideline range), and granted the Government's motion to dismiss Counts 2 and 4. *Id*. at 127-28, 132-33. Patton's convictions were entered on the Court's docket on March 26, 2001, and he did not appeal them.

Nearly five years later, on January 17, 2006, Patton filed the pending § 2255 Motion.[4] Patton claims that his sentences violate the Constitution because: (1) he should have been sentenced pursuant to U.S.S.G. § 2A3.4 rather than § 2A3.1; (2) his counsel was ineffective for failing to object to this alleged sentencing error; and (3) the Court's reliance on this alleged sentencing error violates Due Process. Patton also preserves the right to argue that his sentence violates *United States v. Booker*, 543 U.S. 220 (2005), should the Supreme Court decide that *Booker* applies retroactively to cases on collateral review. *Booker*, however, does not apply to

---

[4]The Court notes that Patton filed a document entitled "Motion for Permission to File a Petition Pursuant to 28 U.S.C. § 2255 Pseudonymously" on September 19, 2005. *ECF No. 38*. The motion was denied by the Court on October 6, 2005, *ECF No. 39*, and his subsequent motion for reconsideration was denied on December 7, 2005, *ECF Nos. 40-41*.

Patton's sentences at all since the Court made no findings of fact that enhanced his sentences but, rather, imposed the parties' agreed sentences. *Booker*, 543 U.S. at 231-33 (holding that judicial findings of facts, other than a prior conviction, to increase a defendant's guideline range violates the Sixth Amendment right to trial by jury).

The Government has filed a response brief, arguing that the claims raised by Patton in his § 2255 Motion are time-barred. *ECF No. 3*. Patton contends that the actual innocence exception for equitably tolling the one-year limitations period in capital cases, recognized in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005) and *Ross v. Berghuis*, 417 F.3d 552 (6th Cir. 2005), should apply to his noncapital case, and the Court should therefore review his claims on the merits.

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)). Federal habeas petitions are subject to a one-year period of limitation:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> 
> (1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1).

The record shows that Patton's convictions were entered on March 26, 2001. Since Patton did not appeal them, the one-year time limit for filing a § 2255 motion commenced ten days after his convictions were entered, or April 5, 2001. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (holding that one-year limitation period begins to run ten days after entry of the judgment of sentence for a defendant who does not pursue a direct appeal). Thus, the last day upon which Patton could have filed a timely § 2255 Motion was April 5, 2002. Because he did not file his Motion until nearly four years later, it is time-barred and the Court cannot review his claims on the merits.

Patton argues, nonetheless, that the Court should equitably toll the relevant statute of limitations. The Sixth Circuit has held that the one-year limitation period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). In *Dunlap*, the Sixth Circuit identified five factors to consider when determining whether to equitably toll the one-year habeas limitation period: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the

-7-

filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id*. at 1008-10 (citing *Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988)); *see also Souter*, 395 F.3d at 588. Apparently recognizing that none of these factors weigh in his favor, Patton contends that the Court should toll the statute of limitations because he is innocent of his sentences. He claims that he is innocent of his sentences because the Court applied the wrong, enhanced sentencing guideline to calculate his sentence when the evidence did not support that application. He asks the Court to extend the actual innocence exception articulated by the Sixth Circuit in *Souter* and *Ross* to his case. The Court declines to do so for the following reasons.

The petitioner in *Souter* claimed that he was actually innocent of the crime for which he was convicted, not his sentence – and he provided new, reliable exculpatory evidence of his innocence. *Souter*, 395 F.3d at 588 (citing the Supreme Court decision in *Schlup v. Delo*, 513 U.S. 298, 326-37 (1995) for its seminal holding that a procedurally defaulted habeas petition filed by a state prisoner may be granted "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent"). Because Patton does not challenge his conviction or provide new, credible evidence of his innocence, the Court can find no reason to extend *Souter* to this case. In fact, the Sixth Circuit expressly declined to do so in *Ross v. Berghuis*, 417 F.3d 552 (6th Cir. 2005).

In *Ross*, a state prisoner was convicted of first-degree felony murder based on a jury's finding that he committed assault with intent to rob while unarmed ("AWIR-U"), and was sentenced to life in prison without possibility of parole. 417 F.3d at 553. Ross filed a § 2254

petition in federal court, arguing that he was denied due process when convicted of first-degree murder because AWIR-U does not form a predicate offense for felony murder. *Id*. The district court dismissed the case on the basis that Ross procedurally defaulted this claim in state court, the petition was untimely and Ross failed to show reasonable diligence under *Dunlap* or actual innocence under *Schlup* to equitably toll the one-year limitation period. *Id*. at 554. On appeal, Ross contended that the district court should have equitably tolled the limitations period on the basis that he was innocent of his sentence. *Id*. The Sixth Circuit recognized that *Souter* did not apply because Ross challenged his sentence, not his conviction, and because he provided no new exculpatory evidence. *Ross*, 417 F.3d at 555. The court then discussed the "innocence of the death penalty" standard articulated by the Supreme Court in *Sawyer v. Whitley*, 505 U.S. 333 (1992).

> The Supreme Court held in *Sawyer* that habeas courts may reach the merits of defaulted, successive, or abusive habeas claims when a capital petitioner is "innocent of death." *Id*. at 335-336 . . .. In *Sawyer*, the petitioner alleged that the jury improperly determined that he committed arson, and therefore improperly found him eligible for the death penalty. Arson was the predicate felony allowing the petitioner's conviction for first-degree murder, and it also formed an aggravating factor in the sentencing phase of the petitioner's trial. The Court held that, to show actual innocence, a petitioner must prove "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law. *Id*. at 336, . . ..

*Id.* at 556 (quoting *Sawyer*, 505 U.S. at 345) (parallel citations omitted). The *Ross* court noted that a ruling in petitioner's favor would require the court to not only extend the *Souter* actual innocence standard to innocence-of-sentence claims, but it would also require the court to extend *Sawyer's* innocence-of-the-death-penalty standard to non-capital sentences. *Id*. at 557 (citing

-9-

*Dretke v. Haley*, 541 U.S. 386, 396 (2004) (wherein the Supreme Court commented that whether, and to what extent, the "actual innocence" exception extends to non-capital sentencing errors is a difficult, unanswered question). The Sixth Circuit concluded that it was unnecessary to extend either one since Michigan recognized that AWIR-U was a predicate for felony murder. *Id*. Because the *Ross* court declined to extend *Souter* or *Sawyer* to a claim of innocence of a noncapital sentence in the case before it, there is no reason for this district court to do so in the instant case.

Patton nonetheless urges the Court to do so because another court in this district has ruled that an innocence-of-sentence claim can equitably toll the statute of limitations in an untimely filed § 2255 petition challenging a non-capital sentence. *United States v. Crawford*, No. 3:02CV7017, 2000 U.S. Dist. LEXIS 25284 (N.D. Ohio Dec. 3, 2002). This argument lacks merit for several reasons. First, the district court's ruling has no binding effect on this court. Second, since *Crawford* was issued, the Sixth Circuit has declined to extend the standards articulated in *Schlup*, *Souter* and *Sawyer* to non-capital sentences. *Ross*, 417 F.3d at 556-57. Third, *Crawford* is factually distinguishable. In *Crawford*, the petitioner was convicted by a jury of three counts of using a telephone to facilitate a felony drug conspiracy. The offenses occurred in December 1994. His sentence was enhanced in 1997 under a provision of the federal sentencing guidelines that was not in effect at the time he committed his crime. All involved (the Assistant United States Attorney, defense counsel, the probation officer and the court) agreed that Crawford's sentence was improper, and the court concluded that it would be a fundamental miscarriage of justice not to correct his sentence. Here, Patton pled guilty to the conduct forming the basis for his convictions, he agreed that the enhanced sentencing guideline

(U.S.S.G. § 2A3.1) was the proper starting point for calculating his sentence, he agreed to the sentence that he is currently serving and he waived his right to challenge that sentence directly or collaterally. *See, supra,* at 4-5 (citing *ECF No. 37* at 127). *See also Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005) (holding that *Souter* actual innocence exception does not apply where petitioner pled guilty to offense for which he was convicted).

In sum, there is nothing about this petition that persuades the Court to extend the innocence exceptions articulated in *Souter* and *Sawyer* to waived noncapital sentencing issues raised in untimely § 2255 habeas petitions. Because the Court declines Patton's invitation to extend *Souter* or *Sawyer* to the present case, Patton's petition is time-barred and the Court cannot review his claims on the merits.

Even if the Court decided otherwise, Patton's claims would fail on the merits. Although Patton initially retained the right to challenge his sentence in the Plea Agreement, he waived this right at the sentencing hearing and agreed to be sentenced under the enhanced guideline provision, U.S.S.G. § 2A3.1. *See supra* at 2-5; *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) (enforcing defendant's stipulation to be sentenced under sentencing guidelines). He forged this agreement after listening to his victim's testimony at the sentencing hearing, and after the Government agreed not to oppose a two-level downward departure under § 5K2.0. Because he agreed to be sentenced under § 2A3.1, he cannot show that counsel was ineffective for failing to object to this purported sentencing error, or that the Court's reliance on his agreed sentence violates Due Process.

Finally, the Court notes in passing that Patton was properly sentenced under U.S.S.G. § 2A3.1. At the sentencing hearing, Patton's victim testified that Patton used threats of

force to engage him in criminal sexual activities including "rim wars" and oral sex – both of which constitute criminal sexual abuse (versus sexual contact), and Patton admitted using force to coerce his victim into engaging in those activities.

### III.

Accordingly, the motion to appoint counsel is **DENIED**, and the Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and the case is dismissed with prejudice.

**IT IS SO ORDERED.**

       */s/Dan Aaron Polster  May 10, 2006*
**Dan Aaron Polster**
**United States District Judge**